IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TYRONE BENNETT, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:15-CV-4069-D |
| | ) | |
| DR. JOSEPH P. MINEI, ET AL., | ) | |
| Defendants. | ) | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

### I. Background

At the time Plaintiff filed this complaint, he was confined in the Dallas County Jail. He filed this complaint pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*. Defendants are Parkland Hospital, Parkland Hospital employees Dr. Joseph Minei, Physician Assistant Dianne Urey, Dr. William Musgrave, and Dallas County Sherif Lupe Valdez.

Plaintiff claims Defendants were deliberately indifferent to his serious medical needs while he was incarcerated in the Dallas County Jail, and that various conditions at the Dallas County Jail were unconstitutional. Petitioner states that after he was arrested, he was taken to Parkland Hospital to be treated for injuries. He states he was treated for fractures to both ankles, but that Parkland Hospital Defendants failed to diagnose and treat him for five broken ribs. He

claims that once he was returned to the Dallas County Jail, he received x-rays at the jail that showed the broken ribs. Plaintiff also claims he was denied access to religious services, the law library, and recreation, and that Jail employees retaliated against him. Plaintiff seeks money damages.

## II. Screening

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b).

Under 28 U.S.C. § 1915(e), a district court may also summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).

## III. Discussion

### A. Medical Care

Plaintiff claims Defendants failed to adequately provide for his medical needs by failing to diagnose and treat his five broken ribs when he was at Parkland Hospital. He also states that after he was released from Parkland Hospital and sent to the Dallas County Jail, he took a shower with casts on his ankles, which caused the casts to come off. He states he requested boots to protect his ankles and that Defendant Urey ordered the boots. He claims it took about ten days to get one boot, and it took approximately another twenty days to get the other boot. He states the Jail contacted Urey after they received only one boot, but that she was on vacation.

Plaintiff's denial of medical care claim is governed by the "deliberate indifference" standard of the Eighth Amendment to the United States Constitution. U.S. CONST. amend. VIII; *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). To establish a constitutional violation, Plaintiff must show that prison officials acted with deliberate indifference to his medical needs such as to cause the "unnecessary or wanton infliction of pain." *Id.* 429 U.S. at 106. This requires proof that defendants were subjectively aware of a substantial risk of serious harm and failed to take reasonable measures to abate that risk. *Hare v. City of Corinth*, 74 F.3d 633, 649 (5th Cir. 1996) (citing *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)).

Plaintiff's claims do not establish that Defendants acted with deliberate indifference to his serious medical needs to cause the "unnecessary or wanton infliction of pain." Although Plaintiff claims that Parkland Hospital Defendants failed to diagnose and treat his broken ribs, Plaintiff's allegations establish, at most, a claim of negligence. Negligence, or even gross negligence, does

**Findings and Conclusions of the**
**United States Magistrate Judge**          Page -3-

not rise to the level of a constitutional violation. *See Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Procunier v. Navarette,* 434 U.S. 555, 556 (1978). Plaintiff's claims should be dismissed.

**B.   Other Claims**

Plaintiff claims that while incarcerated at the Dallas County Jail, he was denied access to religious services, the law library, and recreation, and that Jail employees retaliated against him by taking his playing cards, chess pieces and other games. On May 5, 2016, the Magistrate Judge sent Plaintiff a Questionnaire seeking information about these claims. On June 7, 2016, Plaintiff responded to the Questionnaire by stating that because he is in drug treatment, he does not currently have the information regarding any dates that he was denied access to services, who denied him access, why he was denied access, or who retaliated against him. Without additional information, Plaintiff's claims are conclusory. These claims should be dismissed without prejudice.

**IV. Recommendation**

The Court recommends that Plaintiff's medical claims be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915A and 1915(e), and that Plaintiff's remaining claims be dismissed without prejudice.

Signed this 26 day of August, 2016.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**Findings and Conclusions of the**
**United States Magistrate Judge**          Page -4-

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).